NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0619n.06

No. 09-3624

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Sep 17, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
        Plaintiff-Appellee, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DISTRICT COURT FOR
STEPHEN J. PULLEY, )  THE NORTHERN DISTRICT OF
)  OHIO
        Defendant-Appellant. )
)
)

Before: MERRITT, ROGERS and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. In 2001, Stephen Pulley applied for a $100,000 real-estate loan from the First National Bank of Pandora, Ohio. In his application, Pulley told the bank that he worked as an "administrative assistant/closer" for Lawyers Title Company and that he earned $3,000 per month. He also signed a release authorizing his employer to complete the bank's employment-verification form. Pulley's supervisor, Tina Crish, certified that he earned $13.50 per hour, worked 50 hours per week on average, and was paid time-and-a-half for his overtime. That certification was false: Pulley's wage never exceeded $8.50 per hour. Based on Pulley's application and Crish's certification, however, the bank gave Pulley the loan and took a mortgage on the property he purchased. When Pulley later defaulted on his payments, the bank foreclosed and sustained a $52,097 loss.

The government indicted Pulley for bank fraud, in violation of 18 U.S.C. § 1344.  A federal jury found him guilty following a short trial.  He thereafter filed motions for acquittal and for a new trial, which the district court denied.  The court then sentenced him to one day in prison, followed by a five-year term of supervised release, and ordered him to pay restitution.  This appeal followed.

Pulley argues that the district court erroneously instructed the jury regarding deliberate ignorance.  He first contends that the evidence did not justify giving the instruction at all.  That contention, however, gives us no basis to reverse the court's decision to give the instruction.  *See United States v. Beaty*, 245 F.3d 617, 621 (6th Cir. 2001) (explaining that a deliberate-ignorance instruction that accurately states the law, but is unsupported by the evidence, is "at most, harmless error").  Moreover, the evidence here did support the instruction.  Crish testified that Pulley was present when one of the title company's co-owners, Bob Honigford, told her what to write on the form.  The jury easily could have concluded that, if Pulley truly did not know what Crish actually wrote, it was only because he deliberately avoided finding out.

Pulley also contends that the instruction's wording was flawed.  The instruction largely mirrored Sixth Circuit Pattern Jury Instruction § 2.09.  It differed in one significant respect:  The pattern instruction explains that deliberate ignorance allows the jury to "find that [the defendant] *knew*" a particular fact, while the court's instruction allowed the jury to "find that the defendant *acted willfully*." (Emphasis added.)  "Knowingly" (or "knew") and "willfully" describe different mental states, and the court's instruction improperly conflated the two.

Nevertheless, that error does not justify reversal unless the "'instructions, viewed as a whole, were confusing, misleading, or prejudicial.'"  *See Beaty*, 245 F.3d at 621 (quoting *United States v.*

*Harrod*, 168 F.3d 887, 892 (6th Cir. 1999)). For several reasons, we think they were not. By the time the court gave this instruction, it had already given detailed, accurate instructions on both intent and knowledge. Shortly thereafter, the court further distinguished the two concepts, explaining that "[p]roof that the defendant may have known about the crime" was not enough to support a guilty verdict on an aiding-and-abetting theory; rather, the defendant must have had "the intent that the crime be committed." The court then introduced the deliberate-ignorance instruction as "explain[ing] something about a defendant's knowledge." And the instruction itself used the phrases "ignoring," "ignored," and "disregard"—phrases that obviously go to knowledge rather than intent. Finally, the court never equated "willfully" with "intentionally" or, for that matter, used the word "willfully" at any other time during the trial. On the whole, then, the jury instructions were not misleading and do not warrant reversal.

Pulley next challenges the sufficiency of the government's evidence. On appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Pulley argues that the government failed to produce evidence that he did not act in good faith.

To be precise, however, what the government needed to produce was evidence that Pulley acted "with the intent to defraud." *See United States v. Everett*, 270 F.3d 989, 989 (6th Cir. 2001); *see also United States v. McGuire*, 744 F.2d 1197, 1201-02 (6th Cir. 1984) (explaining that a good-faith instruction simply "direct[s] the jury's attention" to the defendant's theory of the case) (internal quotation marks, citation, and emphasis omitted). Pulley's own testimony supplied such evidence

here. He admitted that, in his loan application, he intentionally represented his current income as $3,000 per month when it actually was less than $1,800 per month. He said the difference was income he expected to earn from a budding home-inspection business. But he acknowledged that he never disclosed that expectation, or that he had yet to earn any money in the business, or even the business's very existence. A rational juror could conclude, based on this evidence, that Pulley meant to deceive the bank about either the amount of his income or its source. Moreover, Crish testified that Pulley knew the employment-verification form was inaccurate but made no effort to correct the form or notify the bank. That testimony also supports an inference of fraudulent intent. So this claim fails.

Finally, Pulley argues that his trial counsel's failure to present a particular witness at trial deprived him of his constitutional right to the effective assistance of counsel. We typically do not review ineffective-assistance claims on direct appeal. *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). Moreover, Pulley completely failed to develop this argument in his opening brief, devoting only two conclusory sentences to the allegedly defective representation. *See United States v. Johnson*, 430 F.3d 383, 397 (6th Cir. 2005) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (internal quotation marks and citation omitted). We therefore decline to review the argument here.

The district court's judgment is affirmed.